DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Sylvania Municipal Court that denied appellant's three motions to suppress following her arrest for driving while under the influence of alcohol. For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} Appellant sets forth the following assignments of error:
 {¶ 3} "Assignment of Error No. 1
 {¶ 4} "The trial court committed reversible error when it denied appellant's motion to suppress No. 1.
 {¶ 5} "Assignment of Error No. 2
 {¶ 6} "The trial court committed reversible error when it denied appellant's motion to suppress No. 2.
 {¶ 7} "Assignment of Error No. 3
 {¶ 8} "The trial court committed reversible error when it denied appellant's motion to suppress No. 4."
 {¶ 9} The undisputed facts that are relevant to the issues raised on appeal are as follows. On March 1, 2002, appellant was arrested for driving while under the influence of alcohol. Appellant subsequently filed four motions to suppress. The first motion ("No. 1") alleged that statements she made to the trooper as he drove her to the highway patrol post were the product of custodial interrogation conducted without a waiver of her rights against self-incrimination and right to counsel. The second motion ("No. 2") alleged that she was not adequately informed of the consequences of submitting to or refusing a chemical breath test. The third motion ("No. 3") requested that the court exclude the results of the portable breath test administered at the scene of the traffic stop, and the fourth motion ("No. 4") alleged that the officer lacked probable cause for the arrest. On June 27, 2002, the trial court heard all four motions. Before testimony was taken, the state indicated that it would not use the results of the digital portable breath test that had been taken and appellant then withdrew motion to suppress No. 3. At the conclusion of testimony, the trial court denied motions to suppress Nos. 2 and 4. Motion to suppress No. 1 was taken under advisement and denied by the trial court by judgment entry filed July 30, 2002.
 {¶ 10} In support of her first assignment of error, appellant asserts that Trooper Demeth improperly questioned her while he was transporting her to the highway patrol post. Appellant asserts that the trooper engaged her in a conversation that resulted in her making an admission regarding her own assessment of her sobriety at that time. Appellant argues that she did not sign a written waiver and was not asked by the trooper whether she wished to waive her rights and talk to him.
 {¶ 11} Trooper Demeth described the conversation in question between himself and appellant as "fairly free" and stated that he did not believe it was an interrogation. He testified that the only question he asked appellant was whether she thought she should have been driving. According to the trooper, appellant responded that she probably should not have been driving but that her passenger was in much worse condition. Trooper Demeth stated that appellant was cooperative, polite and friendly during their conversation. On cross-examination, Trooper Demeth admitted that he did not ask appellant whether she was waiving her rights.
 {¶ 12} Upon considering this issue, the trial court concluded that, while appellant did not expressly waive her rights to counsel and against self-incrimination, such a waiver could be inferred by evidence that appellant told the trooper she understood her rights when he read them to her upon her arrest as well as by the absence of any evidence in the record that she at any time during the conversation with Trooper Demeth tried to assert those rights. We agree.
 {¶ 13} In examining a trial court's ruling on a motion to suppress, a reviewing court must keep in mind that weighing the evidence and determining the credibility of the witnesses are functions of the trier of fact. State v. Depew (1988), 38 Ohio St.3d 275. Where the factual findings of the trial court are clearly supported by the evidence, its ruling will not be disturbed on appeal, absent an error of law. Depew, supra.
 {¶ 14} It is well-settled that the state must be able to demonstrate a knowing and intelligent waiver in order for the statements of an accused to be admissible. It is not necessary, however, for such a waiver to be in writing. State v. Scott (1980), 61 Ohio St.2d 155, 161, citing North Carolina v. Butler (1979), 441 U.S. 369. As to this issue, the Supreme Court of Ohio has held that the trial court must examine the totality of the circumstances when determining the admissibility of a statement alleged to be in violation of a defendant's Miranda rights.State v. Eley (1996), 76 Ohio St.3d 174. In Butler, supra, when considering whether the absence of a written waiver meant that the defendant's waiver was involuntary, the United States Supreme Court held that "[a]n express written or oral statement of waiver of the right to remain silent or of the right to counsel *** is not inevitably either necessary or sufficient to establish waiver. The question is not one of form, but rather whether the defendant in fact knowingly and voluntarily waived the rights delineated in the Miranda case." Butler, supra, at 292.
 {¶ 15} We find that the record in this case supports the trial court's determination that appellant's statements to Trooper Demeth in the cruiser constituted a knowing and voluntary waiver of her Miranda
rights. Trooper Demeth described the conversation between himself and appellant as "fairly free" and stated that he did not believe it was an interrogation. He further testified that appellant was cooperative, polite and friendly during their conversation. The evidence before the trial court simply does not support a finding that appellant's statement was made involuntarily or that it was anything other than a knowing and voluntarily waiver of the rights of which she had been advised at the time of her arrest. The trial court reasonably resolved this issue by choosing to adopt the trooper's interpretation of the circumstances surrounding appellant's statement. Accordingly, the trial court did not err by finding that the statement made to Trooper Demeth was admissible and appellant's first assignment of error is not well-taken.
 {¶ 16} In her second assignment of error, appellant asserts that the trial court erred by dismissing motion to suppress No. 2 in which she argued that she was not adequately informed of the consequences of submitting to or refusing the chemical breath test pursuant to R.C.4511.191(C)(1) and (2). Appellant asserts that the state failed to demonstrate that the advice was given before the breathalyzer test was administered.
 {¶ 17} In denying this motion at the conclusion of the hearing, the trial court ruled that the appropriate form was properly read to appellant and that her signature on the form was not required before administering the BAC test. A careful review of the record reveals that there is absolutely no evidence that appellant took the test before the form was read to her or that she signed the form afterward. The only testimony offered at the hearing was that of Trooper Demeth, who did not recall the exact sequence of events that night. The trooper testified that he read the form to appellant and explained in detail what it meant and that he asked her if she understood, to which she responded that she did. There was no evidentiary basis that would have justified a finding by the trial court that appellant was not given her statutory notice before taking the BAC test and, accordingly, appellant's second assignment of error is not well-taken.
 {¶ 18} In her third assignment of error, appellant asserts that the trial court erred by denying motion to suppress No. 4 in which she argued that the trooper lacked probable cause to place her under arrest. Appellant argues that she responded immediately to the trooper's signal to pull over, was able to lucidly provide him with the information he requested, and performed "admirably" on the field sobriety tests. The trial court found that probable cause existed based on the odor of alcoholic beverage coming from appellant's car, her bloodshot and glassy eyes, her performance on the field sobriety tests, and her admission to having consumed four beers.
 {¶ 19} As to appellant's arrest, in Beck v. Ohio (1964),379 U.S. 89, 91, the United States Supreme Court held that probable cause for a warrantless arrest is based on "*** whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed the offense."
 {¶ 20} Upon consideration thereof, this court finds that upon appellant's admission that she had consumed four beers and after Trooper Demeth detected the odor of alcoholic beverage on her person; noticed her glassy, bloodshot eyes and slurred speech; and administered several field sobriety tests, he had a sufficient basis for believing that probable cause existed to arrest appellant for driving while under the influence of alcohol. Accordingly, appellant's third assignment of error is not well-taken.
 {¶ 21} On consideration whereof, this court finds that appellant was not prejudiced and the judgment of the Sylvania Municipal Court is affirmed. Costs of this appeal are assessed to appellant.
 JUDGMENT AFFIRMED.